***********
This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Taylor, along with the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the prior Opinion and Award. Accordingly, the Full Commission adopts and affirms the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing before the Deputy Commissioner on 10 January 2002 as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction of the parties and the subject matter.
2. On 2 December 1998, an employment relationship existed between the Plaintiff-Employee and the Employer.
3. The parties stipulated into evidence at the hearing Industrial Commission forms (stipulated exhibit 1) and a set of medical records (stipulated exhibit 2), consisting of records from Dr. Frank Rowan and from Moses Cone Memorial Hospital.
 *********** FINDINGS OF FACT
1. Plaintiff, born 24 April, 1947, was age 51 on December 2, 1998.
2. On 2 December 1998, plaintiff was employed with the Moses Cone Memorial Hospital in Greensboro, North Carolina as a Nursing Technician I. Plaintiff's job duties included patient care and assistance such as bathing and transporting patients and taking vital signs. Plaintiff was paid $8.89 per hour and worked 40 or more hours per week.
3. The employer introduced Plaintiff's time card records, wage information and a Form 22 wage chart at the hearing. Based on these records, Plaintiff's average weekly wage was $413.00, rendering a compensation rate of $275.34.
4. Plaintiff alleges that on 2 December 1998, as she attempted to get a patient out of bed, the patient jerked causing the Plaintiff to twist and fall to the floor. Plaintiff contends that she fell sideways on her right side hitting the floor with her right shoulder and that her left leg twisted beneath her. Plaintiff testified at the hearing that she felt immediate pain in her left knee and right shoulder. She also testified that she presented to the emergency room at Moses Cone Memorial Hospital that day.
5. Medical records obtained from Moses Cone Memorial Hospital do not include any records indicating that Plaintiff was treated in the emergency room on December 2, 1998.
6. The time card records indicating the date and time Plaintiff punched in and out of work reflect that Plaintiff did not work on 2 December 1998.
7. The employer also introduced Plaintiff's personnel file at the hearing. The personnel file does not reflect any report of an injury or incident of any kind on 2 December 1998.
8. Plaintiff knew how to report a work-related injury. In fact, she filled out an Employee Incident Report form immediately following the occurrence of a work-related injury on 29 January 1999. That form indicated that Plaintiff was lifting a patient when the patient bit her on the arm, requiring minor first aid.
9. Plaintiff first treated with Dr. Frank Rowan, an orthopaedic surgeon with Guilford Orthopaedic Sports Medicine Center, on 10 December 1998. On that day, Plaintiff complained of left knee pain that had been increasing for several years. Plaintiff did not indicate to Dr. Rowan that she had injured her knee at work, and she did not indicate that she knew of a specific incident causing an injury to her knee.
10. Dr. Rowan's office note from the 10 December 1998 visit, indicates: "This is a 51-year old nursing technician from Wesley Long Nursing Home who had a several year history of increasing pain in her left knee. She has had to limit her activities at work to the point where she now has to have help lifting. She had actually missed several days of work because of pain in her knee. She has not had any injection or prescription of medications for the knee and she knows of no injury to the knee. She has noted an increasing knee deformity."
11. Dr. Rowan's assessment was that Plaintiff had degenerative arthritis of the left knee. He noted that plain radiographs showed dishing out of the medial compartment of the tibia and significant osteophyte formation. Standing view x-rays showed bone on bone arthritis of the medial compartment of the left knee.
12. Over the next several months, Dr. Rowan treated the Plaintiff conservatively with medications and steroid injections.
13. On 19 July 1999, Dr. Rowan performed a total knee arthroplasty on the left knee. Since that time, Plaintiff has undergone water and physical therapy and has continued to follow up with Dr. Rowan for conservative treatment.
14. In response to questions posed to Dr. Rowan by the Deputy Commissioner, Dr. Rowan has indicated that the disease processes that he first noted on 10 December 1998 have been ongoing for many years and were not significantly contributed to or aggravated by a slip and fall. He also indicated that the vast majority of the problems Plaintiff had with her left knee were due to conditions that preexisted any slip and fall that may have occurred on 2 December 1998.
15. Dr. Rowan's medical chart also included a UNUM Disability Claim Form entitled "Attending Physician's Statement," which is dated 12 March 1999. This form, which Dr. Rowan signed, also indicates that the condition for which he treated Plaintiff was not due to or exacerbated by an injury arising out of her employment.
16. The workers' compensation administrator for the employer testified at the hearing that the first time he was aware that Plaintiff was alleging an injury by accident was in December 1999 when the Plaintiff called to ask how to file a claim. Plaintiff first filed a Form 18 with the Industrial Commission on 14 September 2000.
 ***********
The forgoing Stipulations and Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of her employment on 2 December 1998. N.C.G.S. § 97-2(6).
2. Plaintiff's severe degenerative arthritis of the left knee was not a condition caused by, significantly aggravated or significantly accelerated by any slip and fall or any other work-related incident. Rather, Plaintiff's severe degenerative arthritis was a condition that preexisted any incident that may have occurred on 2 December 1998. N.C.G.S. § 97-53(13).
3. Alternatively, Plaintiff failed to provide written notice within 30 days after any occurrence on 2 December 1998, and has failed to provide reasonable excuse for not providing timely notice. N.C.G.S. § 97-22.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for benefits pursuant to the North Carolina Workers' Compensation Act must be, and hereby is DENIED.
2. Each side shall pay its own costs of this appeal.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER